UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER H. CHEN, SHMU CHEN and
OFFICEMATE INTERNATIONAL CORPORATION,
    Plaintiff,

        v.

MING DOW HO,
    Defendant and Third-Party Plaintiff,

        v.        Misc. Case No. 04-597 (ESH/JMF)

PEGGIE CHEN, JOHN DOE 1through 5,
    Third-Party Defendant,
MING DOW HO,
    Counter Claimant,

        v.

PEGGIE CHEN, SHMU MIN CHEN,
    Counter Defendants.

**MEMORANDUM ORDER**

On December 14, 2004, Ming Dow Ho ("Ho'), by his counsel, served a *subpoena duces tecum* upon L. Garthe ("Garthe"), Senior Special Agent, United States Bureau of Immigration and Customs Enforcement, and on that Bureau itself purporting to require Agent Garthe to appear for a deposition and to produce certain documents. <u>Motion to Compel Compliance with Subpoena</u>, Exhibits B & C.

On December 21, 2004, Matthew B. Riley ("Riley"), Associate Principal Legal Advisor, Office of Investigation, Department of Homeland Security ("DHS"), wrote to counsel for Ho

indicating that DHS regulations, appearing at 6. C.F.R. § 5.44,[1] prohibited DHS employees from "providing documents or oral or written testimony relating to information acquired while such person is or was an employee of DHS, unless authorized to do so by the DHS Office of General Counsel or its designees." Id., Exhibit D.  Riley then indicated that DHS "will neither authorize an employee to testify nor direct an office to produce the documents, etc., that you seek." Id.

In reply, counsel for Ho withdrew the subpoena for the agency itself and the request for any documents.  Instead, counsel asked that Garthe be made available for a half-hour deposition so that Garthe could confirm, *inter alia*, that the U.S. Customs Bureau conducted an investigation that produced probable cause to believe that a man named Peter Chen ("Chen") had broken the laws of the United States with reference to the use of prison labor in manufacturing items imported into the United States and that the investigation was ultimately resolved by guilty pleas.  According to counsel, whether Chen knew that prison labor was used to assemble binder clips that were imported into America is a key issue in a civil case in the United States District Court for the District of New Jersey.  Id., Exhibit A at 2.

When DHS would not relent and permit Garthe to testify at the deposition, Ho filed this miscellaneous action and his Motion to Compel Compliance with Subpoena, cited above.  Significantly, he did not commence an action seeking judicial review of Riley's decision pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*  His failure to do so is fatal to his motion to compel.  It is the law of this Circuit that, when a federal agency,

---

[1] All references to the United States Code or the Code of Federal Regulations are to the electronic versions that appear in Lexis or Westlaw.

pursuant to so-called *Touhy*[2] regulations, prohibits its employees from responding to a *subpoena ad testificandum* without agency approval and declines to grant that approval in a given case, the requesting party must then proceed under the APA, and a federal court will review the agency's decision under an "arbitrary and capricious" standard. Houston Bus. Journal, Inc. v. Officer of the Comptroller, 86 F.3d 1208, 1212 n.4 (D.C. Cir. 1996); Bobreski v. United States Envtl. Prot. Agency, 284 F. Supp. 67, 73-74 (D.D.C. 2003). See also Yousuf v. Samantar, Misc. Case No. 05-110 (D.D.C. May 3, 2005); United States of America *ex rel.* R.C. Taylor, Misc. Case No. 04-534 (D.D.C. May 2, 2005).

     Ho nevertheless insists that the decision in Linder v. Calero-Portocarrero, 251 F.3d 178 (D.C. Cir. 2001) abolishes the requirement of commencing an APA action when the agency declines to permit its employee to testify in response to a subpoena.  Thus, according to Ho's counsel, the controlling standard is not whether the agency refusal is arbitrary and capricious under the APA, 5 U.S.C. § 702, but only whether the subpoena is unduly burdensome or expensive under Fed. R. Civ. P. 45(c).  But, as counsel for Ho candidly admitted at the hearing held on the motion, that would mean that the court of appeals reversed its decision in Houston Business Journal *sub silentio* when it decided Linder.  As I indicated at the hearing, one panel of the court of appeals never reverses another, *sub silentio* or otherwise. See Ins. Agents' Int'l Union, AFL-CIO v. Nat'l Labor Relations Bd., 260 F.2d 736, 736 (D.C. Cir. 1959).  Moreover, there is no real inconsistency in the two decisions.  As the court of appeals itself indicated in Houston Business Journal, agency resistance to a *subpoena ad testificandum* served on one of its employees is reviewed under the APA while agency resistance to producing documents pursuant

---

[2] See United States *ex rel.* Touhy v. Ragen, 340 U.S. 462 (1951)

to a *subpoena duces tecum* is reviewed under Fed. R. Civ. P. 45(c). Houston Bus. Journal, 86 F.3d at 1212 & n.4. Accord Bobreski, 284 F. Supp. at 73-74 & n.5. Since Ho seeks the testimony of Agent Garthe, Houston Business Journal is controlling, and he must commence an action under the APA to secure judicial review of Riley's determination. In the meanwhile, his Motion to Compel Compliance with Subpoena is **DENIED**, and Defendant's Motion to Quash is **GRANTED**.

  **SO ORDERED.**

                    _____
                    JOHN M. FACCIOLA
                    UNITED STATES MAGISTRATE JUDGE

Dated: